UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Charles Barcus

   v.                                                        Civil No. 17-cv-167-PB

Warden, New Hampshire State Prison

**REPORT AND RECOMMENDATION**

Charles Barcus has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1). The petition is here for preliminary review to determine whether Barcus's claims are facially valid and may proceed. See Rule 4 of the Rules Governing Section 2254 cases ("§ 2254 Rules"); LR 4.3(d)(4)(A).

**Background**

Barcus was convicted in the Superior Court of possession of a controlled drug with intent to distribute on April 12, 2016, after a bench trial. See State v. Barcus, No. 218-2015-653 (N.H. Super., Rockingham Cty. Apr. 12, 2016). Barcus appealed his conviction to the New Hampshire Supreme Court ("NHSC") on the grounds that the Superior Court had erroneously denied Barcus's motion to suppress evidence obtained pursuant to a warrantless search of Barcus's hotel room. The NHSC affirmed

the Superior Court's decision on suppression, and Barcus's conviction.  See State v. Barcus, No. 2016-0281, 2017 N.H. LEXIS 43, at *7, 2017 WL 1367207, at *3 (N.H. Feb. 15, 2017).

In his habeas petition before this court, Barcus asserts that his Fourth Amendment right not to be subjected to an unreasonable, warrantless search was violated when his hotel room was searched.  Barcus also asserts that the search of his room was unlawful under the state constitution.

## Discussion

### I.  Fourth Amendment Claim

"[W]here the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."  Stone v. Powell, 428 U.S. 465, 494 (1976); see also Wallace v. Kato, 549 U.S. 384, 395 n.5 (2007); Sanna v. Dipaolo, 265 F.3d 1, 8 (1st Cir. 2001) (Fourth Amendment claims are not cognizable in habeas action unless "petitioner had no realistic opportunity to litigate his Fourth Amendment claim fully and fairly in the state system").

Here, nothing suggests that Barcus did not have the opportunity to raise a Fourth Amendment challenge to the search of his hotel room.  To the contrary, the record in this case

demonstrates that Barcus did challenge the admissibility of the evidence obtained pursuant to that search, both in a suppression motion litigated in the Superior Court and on appeal to the NHSC. Accordingly, Barcus's Fourth Amendment claim is not cognizable in this federal habeas action.

## II. State Constitutional Claim

The federal habeas statute, 28 U.S.C. § 2254, "'unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" Swarthout v. Cooke, 562 U.S. 216, 219 (2011) (citations omitted). "'[F]ederal habeas corpus relief does not lie for errors of state law.'" Id. Accordingly, Barcus's allegation that his rights under the state constitution have been violated is not cognizable in this federal habeas action.

## Conclusion

For the foregoing reasons, the District Judge should dismiss Barcus's habeas petition (Doc. No. 1) in its entirety. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen day period may be extended upon motion. Failure to file objections within the specified time

waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

                                                                                      /s/ Andrea K. Johnstone
Andrea K. Johnstone
United States Magistrate Judge

August 22, 2017

cc: Peter Scott Bratton, Esq.